

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. B. Edwards, Chairman,
State Pink Bollworm Commission
P. O. Box 1581
San Antonio, Texas

*o-5608*

Dear Mr. Edwards:

Opinion No. 0-5608

Re: Whether or not an employee
of the State Department of Agri-
culture may legally serve as a
member of the State Pink Boll-
worm Commission, and may he be
paid necessary traveling expenses
in addition to his regular salary?

You request the opinion of this Department con-
cerning the above subject matter in the following letter:

"Recently the question has arisen, can
a State employee serve on a commission or
board? I am an employee of the State Depart-
ment of Agriculture and receive an annual
salary and necessary traveling expenses. I
have been serving as a member of the Texas
Pink Bollworm Commission. I do not receive
any additional salary as a member of the
commission. If I were not a member of the
commission it would be my duty as Chief In-
spector of the Pink Bollworm Division of the
State Department of Agriculture to attend
hearings of the Pink Bollworm Commission to
give expert testimony and would, of course,
receive a regular salary and expenses. The
questions are:

"1. Can I serve as a member of the State
Pink Bollworm Commission while being employed
by the State Department of Agriculture, and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

draw my regular salary and necessary
traveling expenses?

"2. Can I serve as a member of the
commission if I draw only my regular sal-
ary but no traveling allowance from the
State of Texas?"

Your questions should be answered in the nega-
tive.

Section 33 of Article XVI of the Constitution,
insofar as pertinent, is as follows:

"The accounting officers of this State
shall neither draw nor pay a warrant upon
the treasury in favor of any person, for
salary or compensation as agent, officer or
appointee, who holds at the same time any
other office or position of honor, trust or
profit, under this State or the United States,
* * *."

You, as an employee of the State Department of
Agriculture, receive an annual salary and necessary travel-
ing expenses which are, of course, paid out of the State
treasury upon the warrant of the accounting officers of the
State. You are, therefore, an "appointee", within the mean-
ing of Section 33.

Membership in the State Pink Bollworm Commission
is, we think, an office under this State, but whether so or
not it is at least a "position" of honor and trust, within
the meaning of Section 33, and the drawing or payment of a
warrant upon the treasury in your favor on account of either
office, appointment or position is plainly forbidden during
the time he so occupies such dual positions.

This has been the uniform holding of this Depart-
ment for many years, beginning perhaps with the celebrated
holding of First Assistant C. M. Cureton, the late Chief
Justice of the Supreme Court, in the matter of Lieutenant
Governor Will H. Mayes' serving as Professor of Journalism
in the State University, while at the same time holding his
office of Lieutenant Governor of Texas, in the course of
which opinion Judge Cureton said:

"It is very clear, therefore, that Mr. Mayes so long as he is Lieutenant Governor could not under the Constitution draw pay from the State, as (1) agent, (2) officer, (3) appointee of the State.

"As we have before endeavored to show that a professor in the University of Texas is an appointee, or in a limited sense an agent, Mr. Mayes could not draw a salary from the State as Professor of Journalism in the University.

"The converse of the above proposition is also true, and, therefore, Mr. Mayes, so long as he was the agent or appointee of the State as a Professor of Journalism in the University, could not draw his pay as Lieutenant Governor of the State, that being an office within the meaning of the Constitution.

"Therefore should Mr. Mayes accept the position of Professor of Journalism in the University and at the same time hold and exercise the duties of the office of Lieutenant Governor, he could not draw pay for either such office or such position." (Opinions Attorney General 1912-1914, p. 830).

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED SEP 22, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN